UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN RUDIUK,<br><br>            Petitioner,<br><br>v.<br><br>MERRICK GARLAND, et al.,<br><br>            Respondents. | Case No.:  3:25-cv-2600-BTM-SBC<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Pending before the Court is Petitioner Ivan Rudiuk's petition for a writ of habeas corpus. On January 13, 2025, an Immigration Judge (IJ) ordered Petitioner removed to Russia. The IJ also granted Petitioner's application for withholding of removal to Russia. On February 25, 2025, Petitioner's order of removal became final. Petitioner claims that his continued detention is unlawful, and Petitioner alleges that his removal is not likely.

The Government's sole contention in response is that Petitioner is likely to be removed to a third country. The Government requested that Mexico, Ecuador, or Guatemala accept Petitioner, but they all declined to accept him. The Government has not identified the third country to which Petitioner's removal is allegedly likely.

The Court rules that Petitioner's detention is limited "to a period reasonably necessary to bring about [his] removal from the United States." *See Zadvydas v. Davis*, 533 U.S. 678, 689 (2001); *see also Rodriguez v. Robbins*, 715 F.3d 1127, 1139 (9th Cir. 2013) (recognizing that 6 months of immigration detention is prolonged no matter the authorizing statute of detention). Petitioner may not be detained indefinitely. *See Zadvydas,* 533 U.S. at 690 ("A statute permitting indefinite detention of an alien would raise a serious constitutional problem."). The Court must decide whether Petitioner's removal is "reasonably foreseeable." *Id.* at 699.

The Court finds the Government's contention that Petitioner's removal is reasonably likely in the foreseeable future conclusory. The Government has not offered any real support for its conclusion. There is little basis for the Court to accept the Government's position beyond that it is working on obtaining a third country to accept Petitioner. If the Court accepted the Government's conclusory position here, *Zadvydas* would have little force. The Court in *Zadvydas* required federal habeas courts to assess the accuracy of the Government's position that it is reasonably likely to remove a noncitizen. *Id.*

Here, because the Government has offered no real evidence to support its position, the Court is constrained to rule that Petitioner's removal is not reasonably likely in the foreseeable future. Indeed, the Government has had almost nine months to remove Petitioner to a third country. The Government's failure to do so is strong evidence that

Petitioner's removal to a third country is not reasonably likely in the foreseeable future. *See Nadarajah v. Gonzales*, 443 F.3d 1069, 1082 (9th Cir. 2006) (explaining that where no country has been identified for the petitioner's removal, "one cannot say that his removal is reasonably foreseeable").

The petition for a writ of habeas corpus is GRANTED. Respondents shall either (a) release Petitioner with appropriate conditions of release and/or supervision no later than December 1, 2025, or (b) provide Petitioner a hearing, no later than December 1, 2025, before an IJ under 8 U.S.C. § 1231(a) for the IJ to determine whether Petitioner is a flight risk or a danger to the community. The Court retains jurisdiction to enforce the judgment. Respondents shall file a status report no later than December 3, 2025.

**IT IS SO ORDERED**.

Dated:  November 17, 2025

_____
Honorable Barry Ted Moskowitz
United States District Judge